UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN BROCK,

    Plaintiff,

v.                                        Case No:   2:15-cv-808-FtM-38MRM

ANYTIME RENTALS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause comes before the Court on the Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 12) and Settlement Agreement and Release of FLSA Claims (Doc. 12-1) filed on February 17, 2016.  Plaintiff John Brock and Defendant Anytime Rentals, Inc. request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.  After review of the parties' submission, the Court recommends that the settlement agreement be approved.

      To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.  The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages.  *Id*.  When employees file suit, the proposed settlement must be presented to the

District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff brought the instant action against Defendant Anytime Rentals, Inc. alleging unpaid overtime compensation. (Doc. 12 at 1 ¶ 1). Defendant denies these allegations. (*Id.* at 4). Additionally, Defendant contends that a motor carrier exemption may apply so that Plaintiff would not be entitled to overtime compensation. (*Id.*). Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to avoid the risks and costs of protracted litigation. (*Id.* at 5). The parties' Motion (Doc. 12) and Settlement Agreement (Doc. 12-1) indicate that Plaintiff will receive a total of $1,500 as payment for the release of the FLSA claims between Plaintiff and Defendant. (Docs. 12 at 2 ¶ 3 and 12-1 at 2-3 ¶ 4). Plaintiff will receive $250.00 for his overtime compensation claim and $250.00 for liquidated damages. (*Id.*). Upon consideration, the Court finds that the terms of the parties' Motion (Doc. 12) and Settlement Agreement (Doc. 12-1) are reasonable as to overtime wages and liquidated damages.

Additionally, Defendant agreed to pay $1,000.00 for Plaintiff's reasonable attorney's fees and costs in this action. (Docs. 12 at 2 ¶ 3 and 12-1 at 2-3 ¶ 4). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorney's fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff. (Doc. 12 at 2 ¶ 5). Because attorney's fees and costs were determined separately and apart from Plaintiffs' recovery, the Court finds that the settlement and attorney's fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Settlement Agreement and Release of FLSA Claims (Doc. 12-1) appears to be a fair and reasonable resolution of the parties' FLSA issues. Accordingly,

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 12) be **GRANTED** and that the Settlement Agreement and Release of FLSA Claims (Doc. 12-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on February 19, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties